UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARL W. RIDGEWAY,

    Petitioner,

v.

WILLIE BONDS, et al.,

    Respondents.

Civ. No. 17-2029 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner Carl W. Ridgeway ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury convicted Petitioner of aggravated sexual assault of a victim less than thirteen years old and related offenses and he is currently serving a twenty-six-year sentence. Respondents have filed a motion to dismiss the petition as untimely. For the reasons set forth below, the Court will grant the motion to dismiss and dismiss Petitioner's habeas petition because he filed it beyond the one-year limitations period.

## II. BACKGROUND

On November 18, 2008, a jury convicted Petitioner of two counts of first-degree aggravated sexual assault, N.J.S.A. § 2C:14-2a(l) (penetration of a child less than thirteen) and N.J.S.A. § 2C:14-2a(2)(c) (penetration of a child by a person standing in loco parentis); three counts of second-degree endangering the welfare of a child for whose care he was responsible, N.J.S.A. § 2C:24-4a; one count of second-degree sexual assault, N.J.S.A. § 2C:14-2(c); and one count of second-degree sexual assault by one with supervisory or disciplinary authority over the victim, § N.J.S.A. § 2C:14-2c(3)(b). (ECF No. 17-9, at 2). On May 19, 2009, Petitioner received a sentence

of among other things, an aggregate term of twenty-six-years imprisonment subject to an eighty-five percent term of parole ineligibility. (ECF No. 17-7).

Petitioner filed a notice of appeal with the Superior Court of New Jersey, Appellate Division on September 14, 2009, and then filed an amended notice on October 15, 2009. (ECF No. 17-8). On March 9, 2011, the Appellate Division affirmed Petitioner's conviction, but remanded the matter for resentencing. (ECF No. 17-9). The Appellate Division found that the trial court sentenced Petitioner consecutively, without engaging in the requisite and separate sentencing analysis under *State v. Yarbough*, 100 N.J. 627, 643–44 (1985), *cert. denied*, 475 U.S. (1986). (ECF No. 17-9). The New Jersey Supreme Court denied Petitioner's petition for certification on July 14, 2011. (ECF No. 17-10).

On remand, on February 6, 2012, the trial court issued an amended judgment of conviction, which set forth the court's *Yarbough* analysis and re-sentenced Petitioner to, among other things, an aggregate term of twenty-six years imprisonment subject to an eighty-five percent term of parole ineligibility. (ECF No. 17-11).

Petitioner then filed a motion for post-conviction relief ("PCR") on April 4, 2013, and the trial court denied that motion on September 13, 2013 (ECF Nos. 17-13, 17-14). On December 9, 2013, Petitioner filed a PCR notice of appeal with the Appellate Division, and the Appellate Division denied that appeal on August 17, 2015. (ECF Nos. 17-15, 17-16). Thereafter, Petitioner filed a petition for certification to the New Jersey Supreme Court on August 19, 2015, and the New Jersey Supreme Court denied that petition on February 17, 2016. (ECF Nos. 17-17, 17-18).

Petitioner then filed a petition for writ of habeas corpus on March 22, 2017.[1] (ECF No. 1, at 16). Respondents have filed a motion to dismiss the habeas petition as untimely. (ECF No. 17). Petitioner filed a response in opposition arguing that the Court should equitably toll the statute of limitations because his PCR counsel failed to file a protective petition. (ECF No. 20).

### III. DISCUSSION

Respondents argue that the Court should dismiss the habeas petition as untimely. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[2] "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citing

---

[1] Under the prison mailbox rule, "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

[2] The statute states in full that the limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here.

*Berman v. United States*, 302 U.S. 211, 212 (1937)). A judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A) (stating that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal on July 14, 2011. (ECF No. 17-10). As a result of those direct appeals, on February 6, 2012, the New Jersey Superior Court amended Petitioner's judgment of conviction. (ECF No. 17-11). Although Petitioner did not seek to appeal his amended judgment of conviction, he enjoys the benefit of the 45-day time period in which he could have appealed to the Appellate Division. *Burton,* 549 U.S. at 156–57. Thus, the amended judgment of conviction became final within the meaning of § 2244(d)(1)(A), and the one-year habeas deadline began to run, on March 22, 2012. Petitioner, however, did not file his federal habeas petition until five years later, on March 22, 2017. (ECF No. 1, at 16). Accordingly, unless our jurisprudence tolls the limitations period, Petitioner's habeas petition is untimely.

**A. Statutory Tolling**

The filing of a PCR petition may statutorily toll (i.e., suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."

4

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A timely PCR petition filed during the one-year period will suspend its running; it will not, however, revive a one-year period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

Here, Petitioner concedes that "[t]here is no doubt that Petitioner's habeas petition is untimely" at least with regard to statutory tolling. (ECF No. 20, at 16). The New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal on July 14, 2011. (ECF No. 17-10). As a result of those direct appeals, on February 6, 2012, the New Jersey Superior Court amended Petitioner's judgment of conviction. (ECF No. 17-11). Although Petitioner did not seek to appeal his amended judgment of conviction, he enjoys the benefit of the 45-day time period in which he could have appealed to the Appellate Division. *See Burton,* 549 U.S. at 156–57. Thus, the one-year habeas deadline began to run on March 22, 2012, but Petitioner did not file his PCR application until April 4, 2013, resulting in 379 days of un-tolled time after the expiration of the time for seeking review of his resentence. (ECF No. 17-12).

The New Jersey Superior Court denied the PCR application on September 13, 2013, and Petitioner did not file a PCR notice of appeal until December 9, 2013, resulting in 43 days of un-tolled time. (ECF Nos. 17-13, 17-15) (accounting for the 45 days appeal time period). On August

17, 2015, the Appellate Division affirmed the denial of Petitioner's PCR application. (ECF No. 17-16).

Thereafter, Petitioner filed a PCR petition for certification on August 31, 2015, resulting in no un-tolled time. The New Jersey Supreme Court denied that petition on February 17, 2016. (ECF No. 17-18). Petitioner then filed the current habeas petition on March 22, 2017, resulting in 400 days of un-tolled time. (ECF No. 1); *see Stokes v. District Attorney of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001) (finding that if a petitioner does not seek certiorari from the Untied States Supreme Court on a *PCR petition*, the ninety-day period for which he could have done so does not toll the statute of limitations).

Taken together, the three un-tolled time periods total 822 days. In fact, by the time Petitioner filed his PCR application on April 4, 2013, the one-year habeas limitations period had already expired. Accordingly, although Petitioner's PCR proceedings would have tolled some of the five years between the conclusion of his direct appeals and the filing of his habeas petition, it did not reset an already expired limitations period, and the habeas petition remains untimely. *See Johnson v. Hendricks*, 314 F.3d 159, 161–62 (3d Cir. 2000) (holding that while the tolling provision excludes time during which a properly filed state PCR is pending, it does not reset the date from which the one-year limitations period begins to run).

### B. Equitable Tolling

Consequently, Petitioner argues instead that he is entitled to equitable tolling of the habeas limitation period because of the neglect and inaction of his PCR counsel. (ECF No. 20, at 16). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "There are no bright lines in

6

determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399)

For equitable tolling to apply, the Third Circuit elaborated on the requirement of reasonable diligence:

> [t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799–800. A court may find extraordinary circumstances where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Turning first to whether Petitioner was reasonably diligent, Petitioner contends that he did not file his habeas petition any earlier because he was under the impression that state court rules prohibited him from filing the petition. Petitioner erroneously believed that the state court prohibition on submitting motions to the court when a person also has assigned counsel, applied

7

to *all* courts, citing his lack of legal knowledge and understanding of the federal court system. (ECF No. 20, at 17). Once again, however, the "fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *See Ross*, 712 F.3d at 799–800.

In order to diligently pursue his federal rights, Petitioner "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his planned PCR claims. *See, e.g.*, *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 6731622 (E.D. Pa. Dec. 29, 2017) (citing *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief)). Under very similar circumstances, the Third Circuit in *Darden v. Sobina,* held that a petitioner's "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations." 477 F. App'x at 918 (involving a case in which a petitioner waited nearly six years to file their habeas petition).

Additionally, as discussed above, even if the Court were to toll the limitations period through the entirety of the PCR proceedings, the one-year limitations period expired 14 days before Petitioner filed his PCR application. (ECF No. 17-12). Moreover, Petitioner waited another 400 days after the conclusion of those proceedings to file this petition. (*compare* ECF No. 17-18, *with* ECF No. 1). Accordingly, the Court finds that Petitioner's "lack of diligence precludes equitable tolling of his federal habeas petition, and absent such tolling, his petition was untimely." *Darden*, 477 F. App'x at 918.

Although not necessary to the Court's disposition, assuming *arguendo*, that Petitioner acted with reasonable diligence, the Court rejects his argument that PCR counsel's failure to file a protective petition constitutes extraordinary circumstances. Courts have "recognized that in some cases an attorney's malfeasance, when combined with reasonable diligence on the part of the petitioner in pursuit of his rights, may warrant equitable tolling of the statute of limitations." *Ross*, 712 F.3d at 800. The Supreme Court has held, however, that "garden variety claim[s] of excusable neglect" and "attorney negligence" do not warrant equitable tolling. *Holland*, 560 U.S. at 651–52.

Petitioner, with admirable candor, "does not allege any malfeasance on the part of [PCR] counsel," arguing instead that the Court should infer "inadvertent" malfeasance or "mental impairment" from counsel's apparent lack of knowledge in federal law and failure to file a protective petition. (ECF No. 20, at 17). The Supreme Court reasoned, however, that while such failures, "alone, might suggest simple negligence," such negligence "does not warrant equitable tolling." *Holland*, 560 U.S. at 651–52. Applying equitable tolling in this case where Petitioner "does not allege any malfeasance on the part of counsel would extend the doctrine far beyond its limited application." *Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J. Jan. 4, 2016) (citing *Ross*, 712 F.3d at 799).

Further, as discussed above, Petitioner's lack of reasonable diligence breaks any nexus between PCR counsel's inaction and Petitioner's failure to timely file a § 2254 petition. *See Ross*, 712 F.3d at 803 (noting that for equitable tolling to apply there must be a *causal connection*, or nexus, between the extraordinary circumstances the petitioner faced and his failure to timely file a habeas petition). Ultimately, Petitioner fails to argue that "there was an obstacle *beyond Petitioner's control that necessarily prevented* him from filing a timely petition, [and] there is no

basis for equitable tolling." *Phillips*, 2016 WL 54673, at *4 (arriving at the same conclusion in a case where PCR counsel failed to file a protective petition) (emphasis added).

Accordingly, because Petitioner has failed to set forth any justification to equitably toll the limitations period on an otherwise untimely petition, the Court will dismiss Petitioner's habeas petition.

**C. Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the Court's procedural disposition in this case debatable. Accordingly, this Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Respondents' motion to dismiss and dismiss Petitioner's habeas petition. A certificate of appealability shall not issue. An appropriate order follows.


DATED: November 18, 2018                s/Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge